IN THE TWENTIETH COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA

CASE NO.: 23002343CA

RUSSELL BROWN

       Plaintiff,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST
a for-profit Florida Corporation,

       Defendant.

_____/

## COMPLAINT

COMES NOW, RUSSELL BROWN, the Plaintiff, by and through the undersigned attorney and sues Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, a corporation authorized and doing business in the State of Florida, and alleges as follows:

### JURISDICTION

1. This is an action for damages that exceeds Fifty Thousand ($50,000.00) Dollars.

2. This is an action for breach of contract by Plaintiff, RUSSELL BROWN.

3. This is also a petition for declaratory judgment pursuant to Chapter 86 of the Florida Statutes.

4. Defendant is a Florida corporation authorized and doing business in the State of Florida and does business, has offices and/or maintains agents for transacting business in CHARLOTTE County, Florida.

**FACTUAL BASIS**

5. Plaintiff sought homeowners' insurance coverage from Defendant to cover structural damage to his properties. Specifically, the property located at 3819 Aves Island Court, Punta Gorda, FL 33950.

6. A policy of homeowners insurance, including the coverage to protect Plaintiff against loss by damage caused from wind, water and hail, was issued by Defendant and was in full force and effect as to Plaintiff when his home was damaged by wind and water on or about September 28, 2022 as a result of Hurricane Ian. Plaintiff timely reported the claim and Defendant issued claim number PP0019564895 for the loss.  A copy of the policy is in the control of Defendant and discovery has been sought from Defendant to produce same.

7. As a result, Plaintiff sustained structural damage to his dwelling and incurred additional mitigation expenses, as a direct result of the wind, water and hail damages.

8. Plaintiff sought reimbursement for expenses from Defendant for damage done to his dwelling and has not been fully compensated by Defendant.

**COUNT I – BREACH OF CONTRACT**

Plaintiff adapts and re-alleges paragraphs 1 – 2, and 4-8 above and further alleges:

9. Plaintiff has performed all conditions precedent to entitle Plaintiff to recover under the policy, including but not limited to compliance with Fl. Stat. Sec. 627.70152 prior to suit, but Defendant wrongfully refused and continues to refuse payment for all of Plaintiff's covered losses.

10. Defendant's refusal is a breach of contract.

11. Defendant has failed to pay the statutory interest, penalties and the statutory attorney's fees required by law.

12. Plaintiff is and remains fully prepared to comply with its obligations pursuant to the aforesaid policy of insurance.

13. Because of Defendant's refusal to pay Plaintiff's losses, it has become necessary that Plaintiff retains the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

WHEREFORE, Plaintiff demands judgment against Defendant for all covered losses with interest on any overdue payments, attorney's fees and costs, pursuant to Fla. Stat. §627.428 and §57.104 and demands trial by jury.

## COUNT II – DECLARATORY ACTION

Plaintiff adapts and re-alleges paragraphs 1 and 3-8 above and further alleges,

14. This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes.

15. Plaintiff is a direct beneficiary of its contract with Defendant.

16. Plaintiff believes his is entitled to coverage for the damages caused as described above under its insurance policy with Defendant, including but not limited to coverage under the policy and payment of all funds necessary to meet code approval.

17. Defendant alleges it is not liable and/or has unreasonably delayed acceptance of all coverages/damages owed under the policy to Plaintiff for all sums due under the terms and conditions of the insurance policy at issue and continues to deny/delay Plaintiff's claim.

18. As a result, Plaintiff has been placed in doubt as to his rights under the policy and is in need of immediate judicial determination of those rights, status or other equitable or legal relations thereunder.

19. Plaintiff has an actual, bona fide, present and practical need for the declaration.

20. The declaration will deal with the facts presented in paragraphs 1, and 3-8 and the rights of the Plaintiff are dependent on the facts or the law applicable to the facts.

21. Defendant has an adverse interest in the subject matter, which is before the court.

22. The Court's declaration is not merely giving legal advice.

23. Because of Defendant's refusal to pay Plaintiff's losses, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

WHEREFORE, Plaintiff requests that:

a) That the Court issue a Declaratory Judgment that the initial policy of homeowners insurance covering the Plaintiff provides coverage for all of the claims submitted by the Plaintiff, including for the wind, water and hail damage sustained by the residence:

b) That the Court declare that the Plaintiff is entitled to a claim for attorney's fees against Defendant under Florida Statute § 627.428 and costs pursuant to Florida Statute §92.231 and Florida Statute §57.041 and determine the amount thereof:

c) That the Court declare that each policy provision not in conformity with Florida law be amended to comply with Florida law:

d) That the Court declare that any ambiguities in the statute or policy be construed in favor of coverage:

e) That the Court follow Florida law in declaring that the statutes and policy provisions are to be construed strictly and most strongly against the insurer, and liberally in favor of the insured, so as to effect the dominant purpose of indemnity or payment to the insured:

f) That the Court determine and declare any other material matters pertaining to the coverage or otherwise as to the respective rights and responsibilities under the policy as needed to do to complete justice in this case.

Plaintiff further demands trial by jury of all issues so triable in Count I and II of the Complaint and judgment that Plaintiff is entitled to benefits as contemplated by the insurance

policy, as well as judgment against Defendant for all covered losses with interest on any overdue payments, attorney's fees pursuant to F.S. §627.428, §57.041, and §92.231, and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for all covered losses with interest on any overdue payments, attorney's fees and costs, pursuant to Fla. Stat. §627.428 and §57.104 and demands trial by jury.

DATED this 21st day of June, 2023.

/s/ Tyler J Chasez
Tyler J Chasez, Esquire
Hale, Hale & Jacobson P.A.
Florida Bar No.: 72483
2876 South Osceola Avenue
Orlando, FL 32806
Phone: (407)425-4640
Fax: (407)425-4641
Attorney for Plaintiff
Primary Email: Tyler@hhjlegal.com
Secondary Email: Alexis@hhjlegal.com